IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PAMELA LYNETTE ELMO, et al., §
 §
          Plaintiffs, §
 § Civil Action No. 3:07-CV-2004-D
VS. §
 §
OAK FARMS DAIRY, et al., §
 §
          Defendants. §

MEMORANDUM OPINION
AND ORDER

In this products liability action, plaintiffs (collectively, "Elmo") move for a continuance under Fed. R. Civ. P. 56(f) of the date by which they must respond to the motion for summary judgment of defendant Cannon Equipment Company ("Cannon").[1] The court grants the motion.

I

For purposes of this decision, the court need not discuss the background facts and procedural history of this case in detail.[2]

---

[1]Elmo's motion is entitled "Motion for Leave for Either a Short Extension/Enlargement of Time or Continuance to File Plaintiffs' Initial Response, Brief and Associated Appendix of Summary Judgment Evidence in Opposition to Defendant's Motion for Summary Judgment ('MSJ'), and/or Cumulatively and Alternatively, to Either Continue the Time for Plaintiffs to Respond to Defendants' MSJ until after Related Discovery is Completed or to Otherwise Deny the MSJ, Pursuant to FRCP 56(f)."

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood

In sum, Elmo filed suit in Texas state court in November 2004. In January 2007 she amended her petition to add Cannon as a party. Cannon, in turn, removed the case to this court based on diversity of citizenship.

In May 2007 Cannon moved for summary judgment, contending that Elmo failed to effect service of process within the limitations period. In September 2007 the United States Magistrate Judge ordered Elmo to respond to Cannon's summary judgment motion within 20 days of his order. On September 26, 2007, the date her response was due, Elmo filed the instant motion.

Elmo contends that despite having diligently conducted extensive research into the issues raised by Cannon's motion for summary judgment, she needs additional time to conduct research and discovery to assess the potential applicability of various tolling doctrines. Specifically, she seeks additional discovery to determine whether she can invoke Tex. Civ. Prac. & Rem. Code Ann. § 16.063 (Vernon 2007) to toll the statute of limitations.[3]

Cannon opposes the motion, contending that Elmo has not identified with the requisite specificity the discovery she needs and how it will create a genuine issue of material fact. Cannon

---

accordingly.

[3]Section 16.063 provides: "[t]he absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence."

argues that the potential applicability of § 16.063 is not relevant to the issue raised in the summary judgment motion: whether Elmo failed to use due diligence to serve Cannon with process. Cannon also posits that Elmo has failed to demonstrate diligent use of discovery since the date the summary judgment motion was filed, and therefore is not entitled to additional time to respond to the motion.

II

In pertinent part, Elmo seeks by her motion a continuance under Rule 56(f).[4]

A

Rule 56(f) provides:

> [s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"The Rule is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v.*

---

[4]Elmo specifically requests either that she be allowed to submit an initial incomplete response with a short extension to submit a complete response, or that she be given a longer extension to submit a single, all-inclusive response. In the interest of judicial economy, the court grants a single continuance to submit a single, all-inclusive response.

*Indus Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (Fitzwater, J.) (citing *Owens v. Estate of Erwin*, 968 F. Supp. 320, 322 (N.D. Tex. 1997) (Fitzwater, J.)). "The continuance authorized by Rule 56(f) is a safe harbor built into the rules so that summary judgment is not granted prematurely." *Id.* (citing *Union City Barge Line Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987)). "To comply with the Rule, the party opposing summary judgment must file the specified non-evidentiary affidavit, explaining why he cannot oppose the summary judgment motion on the merits." *Id.* "The party may not rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must instead identify a genuine issue of material fact that justifies the continuance pending further discovery." *Id.* (citations omitted). "A party seeking a continuance of a motion for summary judgment must demonstrate why he needs additional discovery and how the additional discovery will create a genuine issue of material fact." *Id.* (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).

B

Because Elmo has met her burden under Rule 56(f), the court continues the deadline by which she must respond to Cannon's summary judgment motion.

Elmo's motion is supported by an affidavit that specifically explains the type of discovery she seeks: discovery that is

necessary to determine whether Cannon has been absent from the state of Texas, so that Elmo can attempt to establish that the statute of limitations has been tolled under § 16.063 and that Elmo can still effect timely and valid service on Cannon, thereby defeating Cannon's summary judgment motion. Although the court is not persuaded that Elmo has made diligent use of the discovery period thus far, "Rule 56(f) motions are generally favored and should be liberally granted," *Beattie v. Madison County School District*, 254 F.3d 595, 606 (5th Cir. 2001) (internal quotation marks omitted), particularly here, where the request is simply for additional time to file a response, not for an enlargement of the discovery period.

* * *

Accordingly, Elmo's September 26, 2007 Rule 56(f) motion is granted. She must obtain the discovery she requests, and file her response, brief, and appendix, no later than January 31, 2008.

**SO ORDERED.**

November 20, 2007.

                                                SIDNEY A. FITZWATER
                                                CHIEF JUDGE