IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PAMELA LYNETTE ELMO, et al., §
 §
 Plaintiffs, §
 § Civil Action No. 3:07-CV-2004-D
VS. §
 §
OAK FARMS DAIRY, et al., §
 §
 Defendants. §

MEMORANDUM OPINION
AND ORDER

In this products liability action, defendant moves for summary judgment, contending that plaintiff's claims are time-barred because she failed to exercise diligence in serving defendant with process within the limitations period. For the reasons that follow, the court denies the motion.

I

Plaintiff Pamela Lynette Elmo ("Elmo") was employed by the Southern Foods Group, L.P. ("Southern Foods") and assigned to work in the cooling vault of the Oak Farms Dairy in Dallas. She alleges that she was injured on October 30, 2002 while operating a palletizer to place cases of dairy products on pallets. Elmo sued Southern Foods in state court in November 2004, asserting various claims of negligence.[1] Two years later, Southern Foods designated Cannon Equipment Company ("Cannon"), the manufacturer of the

---

[1]Elmo sued "individually and as derivative representative of derivative familial loss of consortium claimants, whether spousal or for children, if any spouse (Leonard Earl Elmo, spouse)."

palletizer that allegedly caused Elmo's injuries, as a "responsible third party" under Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a) (Vernon Supp. 2007). Elmo subsequently filed an amended petition asserting products liability claims against Cannon and joining it as a defendant under Tex. Civ. Prac. & Rem. Code Ann.§ 33.004(e) (Vernon Supp. 2007).[2] Elmo filed her amended petition on January 29, 2007—60 days after Cannon had been designated as a responsible third party—but did not serve Cannon with process until May 29, 2007. Cannon removed the case to this court based on diversity of citizenship.

Cannon now moves for summary judgment, contending that, as a matter of law, Elmo failed to exercise diligence in attempting to serve Cannon with process within the limitations period. Cannon relies on the Texas rule that "a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process." *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam).

Elmo responds that, for several reasons, the requirement of

---

[2]Section 33.004(e):

> If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

diligent service of process is inapplicable to her suit. She contends that the requirement is inapposite because Cannon has been joined as a responsible third party, and because Cannon has filed an answer, appeared in the state-court action, and then removed the case to this court. Elmo also contends that the applicable statute of limitations was tolled under Tex. Civ. Prac. & Rem. Code Ann. § 16.063 (Vernon 1997) during the time of Cannon's absence from the state of Texas.[3] Elmo also maintains that even if the diligence requirement applies, she has established that she exercised diligence in serving Cannon.[4]

II

Under Texas law, limitations is an affirmative defense on which the movant bears the burden of proof. *See, e.g, Morriss v. Enron Oil & Gas Co.*, 948 S.W.2d 858, 867 (Tex. App. 1997, no writ) ("The statute of limitations is an affirmative defense."). When the party who will have the burden of proof at trial concerning an affirmative defense seeks summary judgment on the basis of that defense, it "must establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v.*

---

[3]Section 16.063 provides: "[t]he absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence."

[4]For the reasons discussed below, to decide Cannon's motion, the court need only address Elmo's assertion that § 16.063 tolled the limitations period.

*Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).

This court has recognized the Texas rule that "[i]f the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provision's application to show his or her entitlement to summary judgment." *Woolley v. Clifford Chance Rogers & Wells, L.L.P.*, 2004 WL 57215, at *6 (N.D. Tex. 2004) (Fitzwater, J.) (citing *Thompson v. Pate*, 69 S.W.3d 743, 746-747 (Tex. App. 2002, no pet.). Texas courts have applied this rule in contexts similar to the present case. "Where the non-movant interposes a suspension statute, such as Article 5537 [now § 16.063] or pleads diligence in requesting issuance of citation, the limitation defense is not conclusively established until the movant meets his burden of negating the applicability of these issues." *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975) (per curiam).

### III

Cannon moves for summary judgment based on limitations, contending that Elmo failed to exercise diligence in serving Cannon with process.

### A

To demonstrate that it is entitled to summary judgment on this basis, Cannon must first establish that the limitations period had

- 4 -

expired when Elmo served it with process. This is because the due diligence requirement only applies when process was not served within the limitations period. The cases that Cannon relies on illustrate the relationship between the diligent-service-of-process requirement and the expiration of the limitations period. "To 'bring suit' within the [applicable] limitations period . . . a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process." *Gant*, 786 S.W.2d at 260. The *Gant* court further explained that "[w]hen a plaintiff files a petition within the limitations period, *but does not serve the defendant until after the statutory period has expired*, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service." *Id.* (emphasis added). It is therefore clear that the diligent-service-of-process requirement does not operate independently of whether the limitations period has expired, but rather applies only if service is effected outside the limitations period.

B

Cannon states in its reply brief that it "is not asserting that Plaintiffs' suit against [it] is barred due to limitations . . . [but rather] that Plaintiffs did not exercise due diligence in serving the citation upon Cannon." D. Reply 9. But Cannon points to no authority for the proposition that the diligent-

service-of-process requirement applies if process is served within the limitations period. Cannon premises its argument on the contention that the statute of limitations expired on January 29, 2007, 60 days after it was designated as a responsible third party. Cannon's reliance on the diligent-service-of-process requirement therefore requires that it first establish that the limitations period had expired by the date it was served. In this context, Cannon bears the burden of negating Elmo's reliance on § 16.063 as a tolling provision. *See, e.g., Winston v. Am. Med. Int'l, Inc.*, 930 S.W.2d 945, 955 (Tex. App. 1996, writ denied) ("Because defendants moved for summary judgment, it was their burden to conclusively negate [non-movant's] reliance on 16.063 and prove the individual defendants were not out of the state as alleged."); *Hawkins v. Ashley,* 2007 WL 1627491, at *1 (Tex. App. June 7, 2007, pet. filed) (not designated for publication) (holding that movant was not entitled to summary judgment on the basis of the diligent-service-of-process requirement because movant did not conclusively negate nonmovant's contention that § 16.063 tolled the limitations period).

C

In support of her invocation of § 16.063, Elmo points to the fact that Cannon is not a resident of Texas, and to Cannon's own assertions that since the date of her injury, Cannon has been present in the state only periodically, on an "as needed" basis.

In response to Elmo's § 16.063-related discovery request, Cannon avers that its "corporate office is in Minnesota and thus, its officers and/or directors are not located in Texas. [Cannon] has representatives who will meet with its Texas customers on an as need[ed] basis." P. App. 62.

Cannon does not rebut Elmo's contention that § 16.063 tolled the limitations period. Instead, it maintains that Elmo's reliance § 16.063 is misplaced, contending that the "issue before the Court is not whether limitations has run on Plaintiff[s'] action but rather whether Plaintiffs exercised due diligence in the issuance and service of citation on Cannon once Cannon was brought into the lawsuit." D. Reply 6. The court disagrees. As discussed above, for Cannon to prevail on the basis of lack of diligence in service of process, it must as a preliminary step prove that the statute of limitations had already expired by the date it was served with process. To the extent that the potential applicability of § 16.063 results in Cannon's having been served within the limitations period, Cannon's reliance on the due diligence requirement is unavailing.

Cannon also contends that Elmo's invocation of § 16.063 is "incorrect" because "Cannon is not a resident out-of-state or absent defendant but rather is a foreign corporation doing business in Texas." D. Reply 6. Canon thus appears to argue that this tolling provision is inapplicable because Cannon is not a Texas

resident corporation. Although "the general rule regarding the applicability of the Tolling Statute is that it does not apply to nonresident defendants," *Jackson v. Speer*, 974 F.2d 676, 678-79 (5th Cir. 1992), there are recognized exceptions. *See, e.g., id.* at 679 ("the tolling provision applies to nonresident defendants who were present in the state when the cause of action accrued"). But Cannon does not discuss, much less adduce summary judgment evidence of, any factual circumstances that would preclude the application of § 16.063 as a matter of law.

\* \* \*

Accordingly, the court concludes that Cannon has failed to establish that it is entitled to summary judgment, because it has not conclusively negated Elmo's invocation of the § 16.063 tolling provision. Consequently, Cannon's June 27, 2007 motion for summary judgment is denied.

**SO ORDERED.**

May 14, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE